Lipsitz, Green, Fahringer, Roll, Schuller & James (William M. Feigenbaum, Buffalo, N.Y., and Gerald Chapman, of counsel), for Harold Friedman.

Law Offices of Moses Krislov Co., Moses Krislov, for Anthony Hughes.

**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, et al., Defendants.**

**No. 88 CIV. 4486 (DNE).**

United States District Court,
S.D. New York.

Nov. 29, 1989.

### ORDER

EDELSTEIN, District Judge:

This opinion arises out of the implementation of the March 14, 1989 Consent Decree between the plaintiffs United States of America (the "Government") and the defendants International Brotherhood of Teamsters (the "IBT"). The Consent Decree provided for three Court-appointed officials, the Independent Administrator, the Election Officer, and the Investigations Officer, (the "Court Officers") who would prosecute corrupt IBT members and ensure

fair secret ballot elections. The ultimate aim of the Consent Decree is to rid the IBT of the hideous influence of organized crime, and produce freely elected IBT officials.

On November 2, 1989, Harold Friedman and Anthony Hughes ("Friedman and Hughes"), two members of the IBT, moved this Court jointly and separately pursuant to Rule 65(c) of the Federal Rules of Civil Procedure. Friedman and Hughes asked this Court for an injunction against the Memorandum & Order of this Court dated November 2, 1989, 725 F.Supp. 162, (the "November 2 Opinion") which denied Friedman and Hughes' October 12, 1989 motion. The October 12 motions sought injunctions stopping the Independent Administrator from hearing charges filed against them by the Investigations Officer. In the alternative, Friedman and Hughes ask this Court to stay the November 2, 1989 rulings pending appeal to the United States Court of Appeals for the Second Circuit.

Movant Harold Friedman, in his capacity as an International Vice–President of the IBT, was a defendant to the original suit filed by the Government and a signator of the Consent Decree. Movant Anthony Hughes is an officer of an IBT local in Ohio, but not an explicit signator to the Consent Decree. Friedman and Hughes were convicted of labor racketeering charges in *U.S. v. Friedman*, 86 Cr. 114, in the Northern District of Ohio. The charges filed by the Investigations Officer essentially mirror the conduct in their criminal convictions.

### A. The Injunctions

The standard for issuing a preliminary injunction in this circuit is a showing of (a) irreparable harm *and* (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly towards the plaintiff requesting the injunctive relief. *Kaplan v. Board of Education* 759 F.2d 256, 259 (2d Cir.1985); *Jackson Dairy, Inc. v. H.P. Hood & Sons,* 596 F.2d 70, 72 (2d Cir.1979).

Friedman and Hughes' motions under Rule 65(c) for an injunction against the November 2 rulings essentially mirror their October 12 motion denied in the November 2 rulings.[1] In the November 2 rulings, I found that neither Friedman nor Hughes faced irreparable harm from the Independent Administrator's hearing.[2] Since the situation which Friedman and Hughes now face has not changed since the November 2 rulings, I again find that no they face no irreparable harm and that their current motions must be dismissed.

As a further matter, I am concerned that these motions made by Friedman and Hughes may run afoul of Rule 11, since they raise the exact same legal issues which I decided less than one month ago. Rule 11 requires that attorneys file motions in good faith, and such frivolous motions in the future will result in sanctions.

### B. The Stays

■ In the alternative, Friedman and Hughes seek a stay of the November 2 rulings, which would essentially suspend the ability of the Independent Administrator to hear these charges pending the resolution of Friedman and Hughes' appeal to the Second Circuit. In this circuit, the standards for issuing a stay encompass the following considerations:

(a) Whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(b) Whether the applicant will be irreparably injured absent a stay;

(c) Whether the issuance of a stay will substantially injure other parties interested in the proceedings; and

(d) Where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987).

---

1. The facts surrounding Friedman and Hughes' October 12 injunction and the surrounding legal proceedings are set out more fully in this Court's November 2 Memorandum & Order.

2. The November 2 Opinion fully sets out fully the reasons why Friedman and Hughes do not face irreparable harm, at § II.B. There is no need to repeat this reasoning here.

Applying these criteria to Friedman and Hughes' application, I find they have failed to meet these criteria and the stay should be denied. First, the previous section of this Order, which incorporated § II.B of my November 2 Opinion, found that Friedman and Hughes have not made a strong showing that they are likely to succeed on the merits, since I found that they face no irreparable harm, the second criteria. The third criteria, whether staying the ruling will cause injury to any other interested party, appears to have little bearing on this particular request.

Finally, the public interest seems to lie with allowing the Independent Administrator to hear charges against two IBT officers who are felons convicted of labor racketeering charges. Over the years, the IBT has been tarnished with a patina of corruption, and actions to clear this troubled past seem squarely in the interest of IBT officials, the IBT rank and file, and the public in general.

Accordingly, Friedman and Hughes' petitions for stays are hereby denied.

So Ordered.